Slip Op. 10-15

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
ALLOY PIPING PRODUCTS, INC., et al.,                   :
                                                       :
                    Plaintiffs,                        :
                                                       :
        v.                                             :
                                                       :        Before:  Judith M. Barzilay, Judge
UNITED STATES,                                         :        Consol. Court No. 08-00027
                                                       :
                    Defendant,                         :
                                                       :
                    and                                :
                                                       :
TA CHEN STAINLESS STEEL PIPE                           :
CO., LTD.,                                             :
                                                       :
                    Defendant-Intervenor.              :
                                                       :
-------------------------------------------------------x
```

## <u>OPINION</u>

[Defendant's Second Remand Determination is sustained.]

Dated:  February 8, 2010

*Kelley Drye & Warren, LLP* (*Jeffrey S. Beckington, David A. Hartquist*), for Plaintiffs.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Reginald T. Blades, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Stephen C. Tosini*); *Daniel J. Calhoun*, Attorney-International, Of Counsel, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant.

*Squire, Sanders & Dempsey LLP* (*Peter J. Koenig*), for Defendant-Intervenor.

Barzilay, Judge:  This case returns to the court following the second U.S. Department of Commerce ("Commerce") remand determination on the thirteenth administrative review of an antidumping duty order covering stainless steel butt-weld pipe fittings from Taiwan.  *Final Results of Redetermination Pursuant to Remand*, A-583-816 (Dep't Commerce Dec. 18, 2009) ("*Second Remand Determination*").  In early 2009, the court affirmed in part and remanded in part Commerce's review of the subject antidumping duty order.[1]  *Alloy Piping Prods., Inc. v. United States*, Slip Op. 09-29, 2009 WL 983078 (CIT Apr. 14, 2009).  The remand order to Commerce concerned the calculation of the profit adjustment to the Constructed Export Price ("CEP"),[2] a component of the dumping margin equation.  In October 2009, the court reviewed Commerce's first remand determination and found that the agency did not support its conclusion that the record did not warrant a profit adjustment to the CEP with substantial evidence.  *Alloy Piping Prods., Inc. v. United States*, Slip Op. 09-119, 2009 WL 3367498 (CIT Oct. 20, 2009); *Final Results of Redetermination Pursuant to Remand*, A-583-816 (Dep't Commerce June 16, 2009), Admin. R. Pub. Doc. 1928.  The court directed the agency to "provide a more rigorous analysis of the record facts in its examination of whether the standard methodology adequately reflects the imputed costs incurred by Ta Chen during the subject review."  *Alloy Piping Prods., Inc.*, 2009 WL 3367498, at *3.  In the latest determination, Commerce has found anew that the record does not support a profit adjustment to the CEP.  *Second Remand Determination* at 1.

---

[1] The court presumes familiarity with the procedural history of this case.

[2] Commerce uses the following formula to calculate CEP Profit:
Total Actual Profit x (Total U.S. Expenses / Total Expenses).  19 U.S.C. § 1677a(d)(3), (f).

Defendant-Intervenor Ta Chen[3] contests this finding and argues that the agency based its

conclusion in the *Second Remand Determination* on conjecture.[4][5]  Ta Chen Br. 5-13.  The court

affirms Commerce's *Second Remand Determination* for the reasons explained below.

---

[3] On June 18, 2009, Plaintiffs Alloy Piping Products, Inc., Flowline Division of Markovitz Enterprises, Inc., Gerlin, Inc., and Taylor Forge Stainless, Inc. informed the court by letter that they support Commerce's analysis of the remanded issue and that they would no longer actively participate in the case.  Pls.' Letter at 1, *Alloy Piping Prods., Inc. v. United States*, No. 08-cv-00027 (CIT June 18, 2009).

[4] Ta Chen also avers that the standard methodology Commerce used to calculate the profit adjustment does not account adequately for certain imputed costs.  Ta Chen Br. 4-5.  In its April and October opinions, the court affirmed the legal validity of Commerce's standard methodology for calculating the profit adjustment to CEP absent certain conditions.  *Alloy Piping Prods., Inc.*, 2009 WL 3367498, at *1 n.3; *Alloy Piping Prods., Inc.*, 2009 WL 983078, at *9.  Ta Chen argues that a condition exists in this review that renders the standard methodology inapplicable.  Ta Chen Br. 11 (citing *Thai Pineapple Canning Indus. Corp. v. United States*, 24 CIT 107, 115 (2000) (not reported in F. Supp.) ("*Thai Pineapple*")).  In *Thai Pineapple*, the Court stated that the standard methodology might not apply in a situation where the record contained no actual expenses but only imputed costs, though it did not "address whether th[is is] a truly distortive situation[]."  24 CIT at 115 & n.13.  Even assuming that the absence of actual costs creates a truly distortive situation, the record of this review evinces the presence of both actual and imputed expenses, *see generally Second Remand Determination*, and thus discredits Ta Chen's argument.

[5] Ta Chen also alleges that Commerce erroneously rejected Ta Chen's three alternate and allegedly more accurate methodologies to calculate CEP profit.  Ta Chen Br. 14-17.  The Federal Circuit has found that the standard methodology used by Commerce sufficiently comports with the agency's statutory duty under 19 U.S.C. § 1677a to ensure the fairness of the price comparison between foreign and domestic produced goods, so long as "Commerce affords a respondent who so desires the opportunity to make a showing that the amount of imputed expenses is not accurately reflected or embedded in its actual expenses."  *SNR Roulements v. United States*, 402 F.3d 1358, 1361 (Fed. Cir. 2005).  Because Commerce has given Ta Chen the required opportunity, the court "must accord deference to the agency in its selection and development of proper methodologies."  *Fla. Citrus Mut. v. Unites States*, 550 F.3d 1105, 1111 (Fed. Cir. 2008) (quotation marks & citation omitted).

## I.  Subject Matter Jurisdiction & Standard of Review

A civil action commenced under 19 U.S.C. § 1516a falls within the exclusive ambit of

the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1581(c).  The Court must hold

unlawful any antidumping duty determination "unsupported by substantial evidence on the

record, or otherwise not in accordance with law."  § 1516a(b)(1)(B)(i).  An agency supports its

factual findings with substantial evidence when it explains the standards that it applied and

demonstrates a rational connection between the facts on the record and the conclusions drawn.

*See Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984).  "[W]hile

[the] explanations do not have to be perfect, the path of [the agency]'s decision must be

reasonably discernible to a reviewing court."  *NMB Sing. Ltd. v. United States*, 557 F.3d 1316,

1319 (Fed. Cir. 2009) (citation omitted).

## II.  Discussion

Commerce supports with substantial evidence its conclusion in the *Second Remand*

*Determination* that the standard methodology accounted for Ta Chen's imputed costs during the

subject review.  The agency explains that where a respondent foreign company has an affiliate in

the United States that receives a loan, "it is reasonable to assume that a portion of those

borrowings may [cover] the U.S. selling activities associated with sales of subject merchandise."

*Second Remand Determination* at 5.  Commerce further notes that imputed expenses in the

United States represent an estimated amount of the borrowing cost attributable to those U.S.

selling activities.  *Id*.  Commerce points to record evidence of several loans by Ta Chen and its

U.S. subsidiary, Ta Chen International, that demonstrates that the two entities likely used a

portion of the funds from those loans to finance selling activities related to the subject

merchandise within the United States.  *See id*. at 6-7 (citing Ta Chen Section A Questionnaire

Resp. (Sept. 11, 2006), P.R. Doc. 16 at Exs. A-9, A-15, A-16)).  Commerce's assumption is

reasonable, given that (1) Ta Chen did not provide the agency with any evidence to show that the

loans were not used to support U.S. selling expenses, including an itemization of the credit and

inventory carrying costs associated with each of Ta Chen's goods and the subject merchandise,

and (2) it was reasonably foreseeable that such information would be pertinent to the agency's

determination.  *See id*. at 11.  Finally, Commerce reasons that Ta Chen's imputed costs belong in

the Total U.S. Expenses numerator and not in the Total Actual Profit multiplier or Total

Expenses denominator, since the latter two components contain only actual costs, and to include

both the actual costs and an estimate of those expenses, i.e., imputed costs, would by definition

result in double counting.  *See id*. at 6-7.  In reaching these findings, Commerce provides a

justification absent from its previous determinations that shows the requisite rational connection

between the facts on the record and the conclusion reached.  *See Matsushita Elec. Indus. Co.*, 750

F.2d at 933.

### III.  Conclusion

        For the foregoing reasons, the court finds that Commerce supported the *Second Remand*

*Determination* with substantial evidence.


Date:    February 8, 2010                              /s / Judith M. Barzilay
         New York, New York                       Judith M. Barzilay, Judge

Slip Op. 10-15

**UNITED STATES COURT OF INTERNATIONAL TRADE**

-------------------------------------------------------x
:
ALLOY PIPING PRODUCTS, INC., *et al.*,  :
:
Plaintiffs,               :
:
v.                     :
:    **Before:  Judith M. Barzilay, Judge**
UNITED STATES,                    :    **Consol. Court No. 08-00027**
:
Defendant,             :
:
and                  :
:
TA CHEN STAINLESS STEEL PIPE       :
CO., LTD.,                        :
:
Defendant-Intervenor.       :
:
-------------------------------------------------------x

**<u>JUDGMENT</u>**

Upon consideration of Defendant's *Final Results of Redetermination Pursuant to Remand*, A-583-816 (Dep't Commerce Dec. 18, 2009), Defendant-Intervenor's Brief in Opposition to Defendant's Remand Results, the court's opinions in this case, and all other papers filed in this action, it is hereby

**ORDERED** that Defendant's *Final Results of Redetermination Pursuant to Remand* is **SUSTAINED**; it is further

**Consol. Court. No. 08-00027**                                                    **Page 2**

      **ORDERED** that the U.S. Department of Commerce's final results in the thirteenth

administrative review of an antidumping duty order covering stainless steel butt-weld pipe

fittings from Taiwan are **AFFIRMED**; and it is further

      **ORDERED** that this case, Consol. Court No. 08-00027, is **DISMISSED**.


Date:  <u>  February 8, 2010    </u>          <u> /s/ Judith M. Barzilay   </u>
        New York, New York                     Judith M. Barzilay, Judge

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                             Deputy Clerk